Filed 8/25/16  P. v. Caldera CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

|  |  |
|---|---|
| THE PEOPLE, | C074583 |
| Plaintiff and Respondent, | (Super. Ct. No. CM038844) |
| v. | |
| VICTOR ALBERT CALDERA, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

**FACTUAL AND PROCEDURAL BACKGROUND**

Early in the morning on June 1, 2013, defendant Victor Albert Caldera got into a fight with 64-year-old Roger Miller at a transient camp.  Defendant believed Miller stole his wallet after the fight.  He saw Miller later in an alley near a gas station.  Miller came at defendant and defendant hit him.  Defendant kept hitting and kicking Miller, then searched Miller's pockets for his wallet.  When he did not find his wallet, he got angry

1

and hit Miller more. During the fight, defendant was holding a lighter or a broken glass smoking pipe in his hand and punched Miller in the neck. Defendant hit Miller approximately 40 times in the first fight and approximately 12 to 15 times in the second fight. Officers responded to the scene and found Miller bloody on the ground with a large laceration on his neck. They attempted to resuscitate Miller, but could not. Miller died as a result of his injuries.

Officers located defendant in a nearby motel. There was blood on his shoes, clothing, and a green backpack. Defendant pled no contest to second degree murder (Pen. Code, § 187, subd. (a)),[1] and admitted a prior strike conviction (§ 667, subd. (a)(1)) and a prior prison term enhancement allegation (§ 667.5, subd. (b)). The remaining counts and allegations were dismissed pursuant to a *Harvey* waiver.[2] The trial court sentenced defendant to state prison for a term of six years plus an indeterminate term of 15 years to life. The court ordered defendant to pay various fines and fees and ordered direct victim restitution be paid to Miller's sister and niece. The trial court granted defendant 81 days of actual custody credits.

Defendant did not obtain a certificate of probable cause. (§ 1237.5.)

### *WENDE* REVIEW

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.

---

[1] Undesignated statutory references are to the Penal Code in effect at the time of the charged offense.

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

Defendant filed a letter with the court which we will construe as a supplemental brief. In it he claims the prior conviction allegations "wearnt [*sic*] there." He also claims he does not have a backpack and therefore "someone[']s lying." Defendant's claims challenge the validity of his plea and cannot be raised without a certificate of probable cause. (*People v. Mendez* (1999) 19 Cal.4th 1084, 1098-1099; *People v. Panizzon* (1996) 13 Cal.4th 68, 74-75.) Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

**DISPOSITION**

The judgment is affirmed.


                                               MURRAY          , J.


We concur:


        BLEASE          , Acting P. J.


        BUTZ          , J.